UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



―――――――――――――――――――――――

CARMEN BAEZ, Individually and as
Administratrix of the Estate of
Israel Andino
              Plaintiff,

      v.

THE CITY OF ROCHESTER and
THE CITY OF ROCHESTER POLICE
DEPARTMENT,
              Defendants.

**DECISION & ORDER**
13-CV-6625

―――――――――――――――――――――――

## Procedural History

Carmen Baez (hereinafter "plaintiff"), individually and as administratrix of the estate of her son Israel Andino, commenced this action on September 3, 2012 in New York Supreme Court in the County of Monroe. The state court complaint alleged three separate causes of action: (1) negligence under New York State tort law; (2) wrongful death pursuant to section 5-4.4 of New York's Estates Powers and Trusts Law (EPTL); and (3) civil rights violations. See Verified Complaint, Exhibit "A" annexed to Defendants' Motion for Summary Judgment (Docket # 12). Defendants filed an answer on November 13, 2013 denying all claims and asserting various affirmative defenses. See Exhibit "B" annexed to Docket # 12.

On November 21, 2013, defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1441. The Notice acknowledged that

plaintiff made "state law claims for wrongful death, personal injury [and] negligence," but invoked federal jurisdiction pursuant to 28 U.S.C. § 1331 because plaintiff also claimed "civil rights causes of action" ostensibly based on 42 U.S.C. § 1983. Plaintiff did not object to the removal of the case to federal court and the action was removed to the Western District of New York on November 21, 2013, and referred to the undersigned on April 22, 2014. See Docket ## 1, 3.

On January 11, 2016 defendants filed the instant motion for summary judgment.[1] See Docket # 12. The plaintiff responded on February 29, 2016 (Docket # 15), the defendants filed a reply (Docket #16), and oral argument on the dispositive motion was heard by this Court on May 10, 2016. For the reasons that follow, defendants' motion for summary judgment on the federal cause of action is **granted**.

Relevant Facts

The facts underlying this action need only be briefly summarized as they are not particularly relevant to the basis for the Court's ruling. At approximately 7:20 a.m. on the morning of June 21, 2012, Rochester Police Department officers responded to an emergency call near 103 Locust Street in the

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of this Court for all matters, including dispositive motions. See Docket # 8.

city of Rochester. <u>See</u> Verified Complaint, Exhibit "A" attached to Defendants' Motion for Summary Judgment (Docket # 12) at ¶ 8. The police were advised that the decedent, Israel Andino, was on a public street in the vicinity of 103 Locust Street and was experiencing "serious medical and psychological needs." <u>See</u> <u>id.</u> at ¶ 13; <u>see also</u> Statement of Luis Fuentes, Plaintiff's Answering Affirmation (Docket # 15). In the course of responding to the emergency call, Rochester Police Department officers shot and fatally wounded Israel Andino. <u>See</u> Verified Complaint, Exhibit "A" annexed to Defendants' Motion for Summary Judgment (Docket # 12) at ¶ 11. The decedent's mother, and administratrix of his estate, commenced this action against two named defendants: the City of Rochester and the City of Rochester Police Department. As stated earlier, three causes of action have been alleged in the complaint – negligence, wrongful death and violations of Andino's civil rights. No individual officers have ever been named as defendants.

## Discussion

<u>Summary Judgment Standard</u>: The general principles used to evaluate the merits of summary judgment motions are well settled. Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is warranted where "there is no genuine issue

3

as to any material fact and [] the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990); Donahue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). While the burden of showing that no genuine factual dispute exists is on the defendant, when faced with a properly supported summary judgment motion, plaintiff "must come forth with evidence sufficient to allow a reasonable jury to find in her favor." Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001). "Such an issue is not created by a mere allegation in the pleadings, nor by surmise or conjecture on the part of the litigants." United States v. Potamkin Cadillac Corp., 689 F.2d 379, 381 (2d Cir. 1982)(internal citations omitted). In seeking summary judgment, defendants raise three arguments: (1) the defendant officer is entitled to qualified immunity; (2) the police department is not a proper party to this lawsuit; and (3) plaintiff has failed to establish municipal liability. See Defendants' Memorandum of Law (Docket # 12-2).

Qualified Immunity: Defense counsel's first argument in support of summary judgment is that the complaint must be dismissed because the "defendant officer" was entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (emphasis added). Here, there is no "defendant officer" to whom the Court can apply the doctrine of qualified immunity. To the extent defense counsel is seeking to have the doctrine of qualified immunity applied to a municipality, that argument is misplaced. "'[M]unicipalities have no immunity from damages for liability flowing from their constitutional violations.'" Lore v. City of Syracuse, 670 F.3d 127, 164 (2d Cir. 2012) (quoting Owen v. City of Independence, 445 U.S. 622, 657 (1980)); see also Askins v. Doe No. 1, 727 F.3d 248, 254 (2d Cir. 2013) ("Qualified immunity is a defense available only to individuals sued in their individual capacity."). For these reasons, the defendant's motion for summary judgment on the basis of qualified immunity is denied.

Police Department as Defendant: Defendants contend that the Rochester Police Department must be dismissed from this action because a department of a municipality is not a separate legal entity. This Court agrees. Within this circuit it is proper to dismiss an agency as a non-suable entity where plaintiff has properly included the municipality. See, e.g., Nieves v. City of Rochester, No. 08-CV-6537L, 2011 WL 861605, at *2 (W.D.N.Y. March 10, 2011) (dismissing Rochester Fire Department as an administrative arm of the city); Hayes v. Cty. of Sullivan, 853 F. Supp. 2d 400, 438 (S.D.N.Y. 2012) (dismissing the Sullivan County Sheriff's Department and allowing the suit to continue against the county); Hall v. City of White Plains, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Because plaintiff has named the [the City] as a defendant, any claims against the [Department of Public Safety] are redundant."); Baker v. Willett, 42 F. Supp. 2d 192, 198 (N.D.N.Y. 1999) ("A police department cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity."). In this case, plaintiff has named both the Rochester Police Department and the City of Rochester. The suit may properly proceed against the City, and therefore plaintiff will suffer no prejudice by the dismissal of the Police Department.

Defendants' motion is **granted,** and all claims against the Rochester Police Department are **dismissed**.

<u>Municipal Liability Under Monell</u>: The only federal cause of action plausibly asserted in plaintiff's complaint is a "failure to train" civil rights claim based on <u>Monell v. Dep't of Soc. Servs. of City of New York</u>, 436 U.S. 658 (1978). Plaintiff's complaint alleges that the defendants "failed to exercise proper care in training" police officers and that "the lack of proper training" should have been known to the defendants at the time Andino was fatally wounded. <u>See</u> Verified Complaint, Exhibit "A" annexed to Defendants' Motion for Summary Judgment (Docket # 12) at ¶¶ 10-11.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." <u>Connick v. Thompson</u>, 563 U.S. 51, 61 (2011). In seeking to avoid summary judgment, plaintiff has brought forward no evidence, direct or circumstantial, on the issue of police training, let alone evidence suggesting there was a lack of training on the proper use of force. Indeed, during the motion hearing plaintiff's

counsel agreed with the Court that there were no facts in the record that could reasonably support a finding of municipal liability under Monell. For that reason, and based on the statements made by plaintiff's counsel at the motion hearing, plaintiff's Monell claim is deemed abandoned. Accordingly, plaintiff's cause of action alleging a violation of civil rights is **dismissed with prejudice**. See Morales v. Rooney, 509 F. App'x 9, 11 (2d Cir. 2013) (deeming Monell claim abandoned because plaintiff offered no argument in support); Chamberlain v. City of White Plains, 986 F. Supp. 2d 363, 392-93 (S.D.N.Y. 2013) (stating that a court may deem a § 1983 Monell claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed).

Remaining State Claims: Having determined that plaintiff has no viable federal civil rights action under 42 U.S.C. § 1983, what remains in the complaint are plaintiff's supplemental state law claims for negligence and wrongful death. Neither of these claims independently support federal court jurisdiction. The Second Circuit has noted that "'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Travelers Ins. Co. v. Keeling, 996 F.2d 1485, 1490 (2d Cir.

1993) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)); see also Mawhirt v. Ahmed, 8 F. App'x 125, 127 (2d Cir. 2001) ("[A] district court should generally dismiss supplemental state law claims without prejudice where all federal law claims are eliminated before trial."); Borden v. Blue Cross & Blue Shield of W.N.Y., 418 F. Supp. 2d 266, 274 (W.D.N.Y. 2006) ("The Second Circuit has advised that district courts should typically decline to exercise jurisdiction over state law claims where all federal claims have been eliminated before trial.").

A balancing of the relevant factors here leans heavily towards dismissal without prejudice. Plaintiff commenced this action in state court and intended that it be determined there. Moreover, the remaining claims are particularly suitable to be decided by New York State judicial officers as they concern theories of liability grounded entirely in New York law. See United Mine Workers v. Gibbs, 383 U.S. 715, 726 n.15 (1966) ("[F]ederal courts should not be overeager to hold on to the determination of issues that might be more appropriately left to settlement in state court litigation." (citations omitted)). Accordingly, the Court will exercise its discretion and decline jurisdiction over the remaining state law claims. Burgos v. City of Rochester, No. 99-CV-6480, 2003 WL 22956907, at *6

(W.D.N.Y. Mar. 31, 2003). The remaining claims are **dismissed without prejudice**.[2]

## Conclusion

The defendants' motion for summary judgment on the federal civil rights claims is **granted**. The remaining state law claims for negligence and wrongful death are dismissed without prejudice pursuant to 28 U.S.C. § 1367. Pursuant to § 1367(d) plaintiff shall have the longer of thirty (30) days, or a length provided by New York state law in which to refile the remaining claims in state court.

SO ORDERED.

_____
JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

Dated: June 9, 2016
       Rochester, New York

---

[2] Defense counsel's argument at the hearing that the Court should dismiss the entire case with prejudice is puzzling. First, the defendants' Memorandum of Law (Docket #12-2) only addresses plaintiff's federal civil rights claim and does not mention plaintiff's negligence cause of action or her wrongful death claim as alleged in the complaint. Although not mentioned in the brief, at the hearing defense counsel argued that the qualified immunity doctrine would bar both the federal and state claims. But "[b]ecause a violation of state law is not cognizable under § 1983, the federal law doctrine of qualified immunity does not apply to state law claims." Mawhirt v. Ahmed, 8 F. App'x 125, 127 (2d Cir. 2001) (internal quotation and citation omitted) (emphasis supplied). Finally, unlike federal civil rights actions, municipal liability under the theory of respondeat superior may apply in New York wrongful death actions. See, e.g., Perez v. City of New York, 23 Misc. 3d 1139(A), 889 N.Y.S.2d 507 (Sup. Ct. 2009), aff'd sub nom. Perez v. City of New York, 79 A.D.3d 835, 912 N.Y.S.2d 691 (2010). All the more reason that these state law issues are appropriately left to state court judges to decide.